IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CESAR MUNOZ

   Plaintiff,

v.

CITY OF HIALEAH, FLORIDA,
a municipal corporation

   Defendant.
_____/

CASE NO:

**04-20999
CIV-LENARD**

COMPLAINT

MAGISTRATE JUDGE
SIMONTON



## COMPLAINT

COME NOW the Plaintiff, CESAR MUNOZ, by and through his undersigned counsel, and sues the Defendant, CITY OF HIALEAH, FLORIDA, a municipal corporation (hereinafter referred to as "HIALEAH") and for his cause of action, states the following:

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for plaintiffs' claims arising Under the Americans with Disabilities Act ("ADA"),42 U.S.C. §§ 12181, et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. Section 794. Accordingly, subject matter jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343.

2. Defendant, HIALEAH is a Florida municipality organized and existing under the laws of the State of Florida, located in Miami-Dade County, and operates a police department.



3. Plaintiff, CESAR MUNOZ (hereinafter "MUNOZ") is a resident of Hialeah, Miami-Dade County, Florida and is deaf. Accordingly, MUNOZ is a qualified individual with disabilities under the Americans with Disabilities Act.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391(b)(1) and (b)(2) because (a) the Defendant is in this judicial district, and (b) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this judicial district.

5. On April 11, 2003, Mr. Munoz was driving down west 39 Place in Hialeah, Florida after working all day at his job as a maintenance person at the Center for Independent Living of South Florida.

6. At approximately 10:40 p.m. that night, a police officer employed by HIALEAH pulled Mr. Munoz over for a traffic stop, without cause or suspicion of any illegal activity.

7. After pulling Mr. Munoz off the road, the police officer got out of his car and walked over to the driver's door of Mr. Munoz's car.

8. The Police officer shined a flashlight in Mr. Munoz's face and shouted orders to Mr. Munoz. Mr. Munoz was surprised by the flashlight and could not hear any of the orders by the police officer because Munoz is deaf. Because he was stunned by the flashlight, Mr. Munoz mistakenly placed the car in reverse instead of park and rolled back into the police car, and knocked the officer to the ground.

9. Immediately, Mr. Munoz attempted to convey to the police officer that he was deaf, but the police officer shouted instructions at Mr. Munoz, which, again, Munoz could not hear because he is deaf. Mr. Munoz exited his car and was immediately thrown to the ground, handcuffed and placed in the rear of the police car. All the while, Mr. Munoz was attempting to convey to the officer that he was deaf and needed an interpreter, but could not do so because his hands were bound. Mr. Munoz had no idea why he was being held and was never advised either by an interpreter or in writing.

10. Other officers arrived at the scene where they obtained Mr. Munoz' address and proceeded to drive to his house without him. Once at Mr. Munoz' house, the police officers utilized a 10 year-old girl (who is not deaf, but knows sign language) to act as an interpreter between Mr. Munoz and the police officers.

11. When the 10 year old girl was brought back to the scene, she informed the officers that Mr. Munoz was truly deaf.

12. The officers released and apologized to Mr. Munoz and gave him a ticket for careless backing. On two separate occasions after the incident, various police officers from the Hialeah Police Department went to Mr. Munoz's house and asked the 10 year-old girl how Mr. Munoz was doing.

13. Mr. Munoz was handcuffed and placed into custody for a traffic infraction. He was humiliated, embarrassed and frieghtened by the encounter with the Hialeah Police and Munoz continues to be humiliated and embarrassed by

the police when they ask questions about him. But for the fact that Mr. Munoz was deaf, he would not have been humiliated and embarrassed, nor would he continue to be humiliated and embarrassed because of the actions of the Hialeah Police department.

14. The City of Hialeah does not provide training for its police officers regarding the right of a person who is deaf or hard of hearing to be entitled to effective communication.

15. The City of Hialeah does not provide training for its police officers that it is inappropriate and unlawful to use a 10 year old child as an interpreter.

16. As a Hialeah resident, CEASAR MUNOZ has had occasions prior to this event and after this event where he has had contact with the police, and it is likely that he will continue to have interactions with HIALEAH in the immediate future.

17. CESAR MUNOZ has notified HIALEAH of these facts and the failure to provide effective communication to no avail.

18. CEASAR MUNOZ has retained the Law Office of Matthew W. Dietz, P.L. and has agreed to pay them a reasonable fee for their services.

### COUNT ONE
### AMERICANS WITH DISABILITIES ACT

19. Plaintiff realleges and incorporate herein the allegations set forth in Paragraphs 1 through 17 above.

20. MUNOZ is a qualified individual with a disability as defined in 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104.

21. Defendant HIALEAH is a public entity in its official capacities and is an instrumentality of a state or local government as defined in 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

22. The ADA,. 42 U.S.C. § 12132, and its implementing regulations at 28 C.F.R. § 35.130, require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity or be subjected to discrimination by any public entity.

23. The ADA and its implementing regulations at 28 C.F.R. § 35.150 require a public entity to make its services, programs, or activities "readily accessible" to and useable by individuals with disabilities.

24. Defendants have violated the ADA by discriminating against Plaintiff by failing to provide effective communication to Munoz and by using a ten year old child as an interpreter.

25. Through the actions and circumstances described above, Defendant has violated and, unless enjoined, will continue to violate the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130.

**WHEREFORE,** Plaintiff CEASAR MUNOZ request that this Court enter judgment in their favor to declare that the Defendants' actions and inactions violate the Americans with

Disabilities Act, issue a permanent injunction enjoining the Defendants from continuing their illegal and discriminatory actions, including providing required periodic training for their police officers and award Plaintiff his reasonable attorneys fees and costs.

## COUNT TWO
## REHABILITATION ACT

26. Plaintiff realleges and incorporate herein the allegations set forth in Paragraphs 1 through 17 above.

27. CESAR MUNOZ is deaf, accordingly, he is a qualified individual with disability according to 28 C.F.R. § 42.540(k) and 45 C.F.R. § 84.3.

28. Defendant HIALEAH is a recipient of federal financial assistance, and such Police Department is a recipient of federal financial assistance

29. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 28 C.F.R. § 42.503, require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated by a public entity.

30. Defendant has discriminated and will continue to discriminate against Plaintiff and others similarly situated because of their disabilities by failing to provide effective communication with the deaf or hard of hearing.

31. Through the actions and circumstances described above the Defendants have violated and continue to violate and, unless enjoined, will continue to

violate the Rehabilitation Act, Section 504, 29 U.S.C. § 794 and 28 C.F.R. § 42.503. (a).

32.  As a result of Defendants' actions, CESAR MUNOZ has been damaged and has suffered physical injury, emotional suffering, and pain and anguish.

**WHEREFORE,** Plaintiff CEASAR MUNOZ request that this Court enter judgment in his favor to declare that Defendants' actions and inactions violate the Rehabilitation Act of 1973, issue a permanent injunction enjoining Defendants from continuing their illegal and discriminatory actions, including providing required periodic training for their police officers and award Plaintiff damages for his physical injury, emotional suffering, pain and anguish and his reasonable attorneys fees and costs.

THE PLAINTIFF DEMANDS A JURY TRIAL FOR ALL ISSUES SO TRIABLE.

Dated this 28th day of April, 2004.

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
999 Ponce De Leon Blvd., Ste 735
Coral Gables, Florida 33134
Phone (305) 669-2822
Facsimile (305) 442-4181
E-Mail: matthewdietz@usdisabilitylaw.com

_____
MATTHEW W. DIETZ, ESQUIRE
FL. BAR NO. 0084905

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET  04-20999

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of this court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use by the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE ON THE FORM.)

**I.(a) PLAINTIFFS**
CESAR MUNOZ

FILED by __ D.C.
2004 APR 29 AM 10: 39
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

**DEFENDANTS**
THE CITY OF HIALEAH FLORIDA, a municipal corporation

**CIV - LENARD**
**MAGISTRATE JUDGE**
**SIMONTON**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** MIAMI-DADE
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Matthew W. Dietz, Esq., Law Offices of Matthew W. Dietz, P.L.
999 PONCE DE LEON BLVD, SUITE 735, CORAL GABLES, FL 33134.
Tel: (305) 669-2822  FAX: (305) 442-4181

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE OF COUNTY WHERE ACTION AROSE:** (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

Dade / 04-20999-CIV-Lenard/Simonton

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPLE PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks & Banking |
| ☐ 140 Negotiable Instruments | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEUS CORPUS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Products Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A or B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a civil rights claim arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. Section 794, for failure to provide reasonable accommodations and for discrimination based on a disability.

**LENGTH OF TRIAL**
via 7 to 10 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  Demand $ 75,000+   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):  JUDGE _____   DOCKET NUMBER _____

**DATE** 4/28/04   **SIGNATURE OF ATTORNEY OF RECORD**

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

$150.00  900455
04/29/04